```
UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____
JASON MONAHAN,

                    Plaintiff,             05-CV-6177T
v.

HONEOYE FALLS-LIMA CENTRAL                 DECISION
SCHOOL DISTRICT,                           and ORDER


                    Defendant.
_____
```

Plaintiff Jason Monahan ("Monahan") brings this action against defendant Honeoye Falls-Lima Central School District ("the School District")alleging that he was discriminated against by the School District on the basis of his sexual orientation; that the defendant breached an employment contract with him; that the defendant tortiously interfered with his contractual relationship with the State University of New York at Brockport ("Brockport"); and that he was retaliated against by the defendant in violation of his First Amendment rights for advocating on behalf of his students.

Defendant moves for partial summary judgment with respect to plaintiff's contract claims on grounds that Monahan has failed to establish the existence of a contract either between the plaintiff and the defendant, the plaintiff and Brockport, or the defendant and Brockport.  Plaintiff opposes defendant's motion, and contends that a letter submitted by Philip Burrows, ("Burrows") (an administrator for the defendant) to Brockport in connection with plaintiff's application for an internship constitutes a valid and

binding contract between the defendant and Brockport, and a contract between himself and the School District. Specifically, plaintiff contends that the letter, which described the duties that he would be undertaking as an intern, constitutes a contract under which it was agreed by all parties that he would not be required to teach any courses. It was important to the plaintiff that he not teach courses because he would not receive intern credit from Brockport if his internship duties included teaching. He claims that the School District breached its agreement with him and with Brockport by later requiring him to teach a course during the internship period. For the reasons set forth below, I grant defendant's motion for partial summary judgment, and dismiss plaintiff's contract claims.

    To establish the existence of a binding contract, be it express or implied, a party must demonstrate an offer, acceptance of the offer, consideration, mutual assent to the terms of the contract, and an intent to be bound by its terms. <u>Rozsa v. May Davis Group, Inc.</u>, 152 F.Supp.2d 526 (S.D.N.Y. 2001). In this case, it is clear that the letter sent by Philip Burrows in support of plaintiff's intern application does not constitute a contract of any kind with any party. The body of the letter reads as follows:

> Please consider this a letter of support for the administrative internship application of Jason Monahan. If approved, Jason will work under my supervision in the capacity of Summer School Principal for the Honeoye Falls-Lima Central School District. Jason will be responsible for the planning, organization,

>appointment of staff, identification of students, assignment of rooms, organization of computer resources and communications with parents in support of the summer school program. Students participating in the program will range from completing Kindergarten through grade nine.
>
>Jason has met with me and agreed to the expectations put before him. I expect Jason to begin his planning and preparatory work during the month of March.
>
>Please contact me should you require any additional information.

This letter very clearly is intended to explain what would be expected of the plaintiff in his capacity as a summer school principal. Because this letter lacks any indicia of an offer, acceptance of an offer, consideration, mutual assent, and an intent to be bound by any terms, the letter does not constitute a contract, and therefore plaintiff has failed to establish the existence of a contract that was breached by the defendant or a contractual relationship with a third party that the defendant interfered with. Accordingly, I grant defendant's motion for partial summary judgment, and dismiss plaintiff's breach of contract and tortious interference claims.

ALL OF THE ABOVE IS SO ORDERED.

S/Michael A. Telesca
_____
MICHAEL A. TELESCA
United States District Judge

DATED:   Rochester, New York
         December 13, 2005